FILED
U.S DISTRICT COURT
SAVANNAH DIV.
2019 SEP 12 AM 11:52
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THERESE RYAN, Individually )
and on Behalf of the Estate )
of Kevin William Ryan, )
                              )
    Plaintiff,          )
                              )
v.                            )    CASE NO. CV419-223
                              )
RED RIVER HOSPITAL, LLC, )
ACADIA HEALTHCARE COMPANY, )
INC., HARVEY C. MARTIN, MD, )
and JOHN DOES 1-10, )
                              )
    Defendants.       )
                              )

## O R D E R

Plaintiff filed this case on September 10, 2019. (Doc. 1.) Plaintiff states that this Court has subject matter jurisdiction pursuant 28 U.S.C. § 1332 and the Court's diversity jurisdiction. (Id. at 3.) Upon review, the Court finds that Plaintiff has failed to adequately plead the citizenship of some of the parties.

The party invoking this Court's diversity jurisdiction bears the burden of adequately pleading complete diversity. See 28 U.S.C. § 1332; Ray v. Bird & Son Asset Realization

Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). For the purposes of diversity jurisdiction, the United States Court of Appeals for the Eleventh Circuit has held that "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and she is deemed to be a citizen of the state in which she was domiciled at the time of her death." Lyons v. O'Quinn, 607 F. App'x 931, 933 (11th Cir. 2015). See also Leyva v. Daniels, 530 F. App'x 933, 934 (11th Cir. 2013). As Plaintiff brings this action both individually and on behalf of the estate of decedent Kevin Williams Ryan, Plaintiff must allege both her citizenship and the citizenship of the estate of decedent Ryan. Although Plaintiff alleges that decedent Ryan resided in Port Wentworth, Georgia, Plaintiff has failed to allege the citizenship of decedent Ryan. (Doc. 1 at 6.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Similarly, the Court notes that, while Plaintiff states that, upon information and belief, none of Defendant Red River Hospital, LLC's members "are residents of the State of Georgia," the dispositive question is the citizenship of the members of a limited liability company. See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004) (stating that a limited liability company ("LLC") is a citizen of every state in which any of its members are citizens). The Eleventh Circuit Court of Appeals has been explicit in addressing the proper method to allege sufficiently the citizenship of a LLC: "a party must list the citizenships of all the members of the limited liability company." Id. at 1022. Thus, Plaintiff must allege the citizenship of the members of Defendant Red River Hospital, LLC. Finally, the Court notes that Plaintiff does not state where Defendant Acadia Healthcare Company, Inc. has its principal place of business. (See Doc. 1 at 2.) Pursuant to 28 U.S.C. § 1332(c)(1), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

Accordingly, Plaintiff is **DIRECTED** to file an amended complaint within **fourteen days** from the date of this order. The amended complaint should properly include the citizenship of each party to this case.[2]

SO ORDERED this 12th day of September 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court will not accept any amended complaint that incorporates by reference any factual allegation or argument contained in an earlier filing, or offers only a piecemeal amendment. Plaintiff's amended complaint should be a stand-alone filing that independently contains all the factual allegations necessary to establish diversity between the parties.