# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

THERESE RYAN, individually and on
behalf of the Estate of Kevin William
Ryan,

       Plaintiff,

v.

RED RIVER
HOSPITAL, LLC, *et al*.,

       Defendants.

CV419-223

## ORDER

Plaintiff Therese Ryan seeks to recover damages arising from defendants' mental health treatment of her late husband, Kevin William Ryan, and his subsequent death by suicide. *See generally*, doc. 1 (Complaint). Plaintiff has moved to exclude the testimony of defendants' expert witnesses. Doc. 47. She explains that defendant served a document identifying several expert witnesses on the day of the Scheduling Order's deadline for furnishing expert witness reports. *See id*. at 1. The notice identified Christopher B. Ticknor, MD as a retained expert, and Drs. Martin, Unzeta-Hernandez, Tom, Critchley, Kashyap, Gomez, Faber, Ghumman, Campos, and Partin, "along with 31 employees of Red River

Hospital, and 52 employees of Laurel Ridge Treatment Center" as non-retained experts. *Id.* at 1-2. Finally, defendants disclosed a "Sgt. Whaley (no first name provided) as an expert in law enforcement . . . ." *Id.* at 2. None of the disclosed witnesses provided a report. *Id.* Plaintiff requests that Dr. Ticknor be precluded from testifying and that the other disclosed witnesses be limited to providing "only factual testimony and preclude[ed] . . . from offering any opinion testimony that would have required disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B)." *Id.*

Defendants argue that there is no basis to limit the testimony of the non-retained expert witnesses because they were not required to provide reports by the Federal Rules. *See* doc. 50 at 4. Moreover, to the extent that those non-retained experts were required to provide summaries of the subjects of their expected testimony, the disclosures are sufficient, or the insufficiency is harmless. *Id.* at 6. Defendants' brief does not address plaintiff's request to exclude Dr. Ticknor's testimony at all. *See generally id.*

Disclosure of expert testimony is governed by Rule 26(a)(2). The Rule distinguishes between those experts who must provide a report and those who need not. Reports are required "if the witness is one retained

or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). If a report is required, the Rule mandates the inclusion of specific information about the expert and his proposed testimony. Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). For all other expert witnesses, no formal report is required, but the disclosure "must state: (i) the subject matter on which the witness is expected to present evidence . . . ; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

## I.  Dr. Ticknor

Plaintiff has provided a copy of defendants' expert witness disclosure. *See generally* doc. 47-1. The disclosure identifies Dr. Ticknor as a "retained expert witness." *Id*. at 3. The substance of the disclosure also acknowledges, albeit implicitly, the requirement that he submit a report. However, defendants would seek to submit that report "following completion of the depositions of Plaintiff Therese Ryan and Dr. Harvey C. Martin, MD." *Id*. Under the Scheduling Order, the "last day to furnish expert witness reports by defendant," was January 16, 2020. Doc. 32 at 1. The only disclosure identified by either party was served on January 16,

2020.  *See* doc. 47-1 at 8.  The Court afforded the parties an extension of discovery "for the limited purpose of allowing the parties to conduct the depositions of Therese Ryan, Johnny Barboza, Jr., and Cesar Diaz."  Doc. 43.  The Court subsequently granted a further thirty-day extension.  Doc. 46.  Both the limited-purpose extension, doc. 43, and the thirty-day discovery extension, doc. 46, were entered after the expert disclosure deadline had run.  Neither purports to reopen any deadline that has already run.  *See generally* docs. 43 & 46.

Defendants offer no argument that the disclosure of Dr. Ticknor's testimony satisfied the specific requirements of Rule 26(a)(2)(B)(i)-(iv). With good reason.  Those requirements include "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in formatting them," and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case."  Fed. R. Civ. P. 26(a)(2)(B)(i), (ii), (v), (vi).  The disclosures statement that "Dr. Ticknor will testify . . . [to] the care and treatment of Kevin Ryan *including, but not limited to,* the discharge of Kevin Ryan, the

4

confidentiality of healthcare information, and the manner in which the discharge of Kevin Ryan was accomplished," doc. 47-1 at 3 (emphasis added), at most, halfheartedly waves at the "complete statement" requirement. The remaining requirements are blithely ignored. There is simply no plausible argument that the disclosure satisfies the report requirement.

To be sure, the disclosure does promise a "supplement . . . containing Dr. Ticknor's qualifications and opinions," pending further depositions. Doc. 47-1 at 3. Despite recognizing the need for such supplementation, however, defendants never sought an extension of the Scheduling Order's deadline for expert reports. Indeed, even after plaintiff's motion notified them of the inadequacy, they apparently took no steps to cure the defects or request additional time to do so. As plaintiff points out, "[p]romises to complete key aspects of an expert report later, based upon specified sources, is not enough." Doc. 47 at 4 (citing *Sommers v. Hall*, 2010 WL 3463608, at *3 (S.D. Ga. Sept. 1, 2010); *see also Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1324 (11th Cir. 2008) (providing expert disclosures on the scheduling order's deadline "meant that there might be no opportunity to supplement the disclosures.").

5

Given that defendants have provided *no* response to plaintiff's objection to the disclosure of Dr. Ticknor, and plaintiff's objections are obviously meritorious, her motion, to the extent it seeks exclude his testimony, is **GRANTED, in part**.   Doc. 47.   Plaintiff also raises a challenge to Dr. Ticknor's proffered testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).   *See* doc. 47 at 4-6.   The Court expresses no opinion on whether Dr. Ticknor's testimony would be admissible under *Daubert*.   Even if the exclusion for defendants' noncompliance with Rule 26 did not moot the issue, in the absence of a clearer indication of the substance and basis of his opinion, however, any *Daubert* analysis of Dr. Ticknor's testimony would be fruitless.

## II.  Non-Retained Expert Witnesses

### A.   *Treating Physicians*[1]

Defendants noticed several non-retained expert witnesses, but those witnesses all fall into one of two categories, treating physicians or law

---

[1] There is some ambiguity in the parties' briefs concerning the treatment of Dr. Harvey Martin's testimony.   Defendants' brief suggests that they believe plaintiff seeks to exclude Dr. Martin's testimony.   *See* doc. 50 at 4-6.   That interpretation is not without some basis.   *See* doc. 47 at 1 (including Dr. Martin on the list of "non-retained experts").   However, the substance of plaintiff's brief relies entirely on the disclosure of the subjects about which treating physicians, other than Dr. Martin, will testify.   *See id.* at 8.   Plaintiffs raise no objection to the specific disclosure of Dr. Martin's testimony.

6

enforcement.  *See* doc. 47-1 at 3-7.  Plaintiff does not dispute that the defendants were not required to provide a report.  *See* doc. 47 at 6.  She does argue that categorizing witnesses, particularly treating physicians, as non-retained experts limits the scope of permissible testimony they may offer.  *Id*. at 6-8.  She argues that the disclosure indicates that the named treating physicians will offer testimony that exceeds the permissible scope of non-retained expert testimony.  *Id*. at 8.  Finally, she argues that the same transgression of the limit on non-retained expert testimony precludes the testimony of defendants' law enforcement witness, "Sgt. Whaley." *Id*.

Defendants respond that plaintiff's argument would, effectively, require non-retained experts to provide reports as if they were retained experts, effacing the distinction manifestly imposed by the Rule.  *See* doc. 50 at 4.  Moreover, defendants argue that, should the Court find their disclosures deficient under the lower standards imposed on non-retained

---

*Compare* doc. 47-1 at 3 (description of Martin's testimony), *with id*. at 4 (description of testimony expected from "Treating Physicians and Healthcare Providers of Kevin Ryan.").  In the absence of a more articulate objection, the Court assumes that plaintiff's inclusion of Dr. Martin among the non-treating physicians was an oversight. The analysis below does not consider the sufficiency of defendants' disclosure of Dr. Martin as a non-retained expert and it has no effect on the heretofore unchallenged admissibility of his testimony.

experts, those deficiencies are harmless in that (1) plaintiff suffered no surprise; (2) she had the opportunity to cure any surprise; and (3) defendants' reasonable belief in the disclosures' adequacy; and (4) the prejudice defendants would suffer by the exclusion of the testimony. *See id.* at 7-8.

Both parties rely on this Court's opinion in *Rangel v. Anderson*, 202 F. Supp. 3d 1361 (S.D. Ga. 2016), to establish the requirements for and limitations on non-retained expert testimony. *See* doc. 47 at 6-7; doc. 50 at 4. *Rangel* explained that, while non-retained experts need not provide the report required of retained experts, "they are still required to disclose the subject(s) of their expert testimony, as well as a summary of the facts and opinions on which they are expected to testify." *Rangel*, 202 F. Supp. 3d at 1364. The principal focus of *Rangel*'s analysis, however, is the specific application of the non-retained-expert standard to treating physician witnesses.

"The disclosures that must be made for a treating physician depend on the nature of the testimony he or she will give." *Rangel*, 202 F. Supp. 3d at 1364 (quoting 1 STEVEN S. GENSLER, FEDERAL RULES OF CIVIL

PROCEDURE, RULES AND COMMENTARY, *Rule 26. Duty to Disclose; General Provisions Governing Discovery*).  The analysis continues:

> If the treating physician's expert opinions stay within the scope of treatment and diagnosis, then the physician would not be considered 'retained' to provide expert testimony and only summary disclosures would be needed.  But if a treating physician is going to offer opinions formed outside the course of treatment and diagnosis, then as to those further opinions the physician is being used in a 'retained expert' role and the . . . report requirements will apply to the extent of that further testimony. *It is not sufficient for the summary disclosures to mention that the treating physician is going to offer these additional expert opinions.*

*Id.* (citing Gensler, *supra*.) (emphasis added).

Defendants disclosure states that the treating physician witnesses will "offer opinion testimony . . . on the matters set forth in their medical records which are based on the doctor's expertise, education, training, clinical experience, and examination, diagnosis and/or treatment of Kevin Ryan[,] . . . [including], but not . . . limited to, testimony regarding the course of Plaintiff's [sic] medical treatment, health history, the confidentiality of the Plaintiff's [sic] healthcare information in the absence of an authorization permitting disclosure and, generally, appropriate procedures and considerations for the discharge of patients from voluntary

hospitalizations." Doc. 47-1 at 3. It is clear that at least some of that testimony exceeds the scope of non-retained expert testimony.

To be sure, testimony on "the matters set forth in [the witnesses'] medical records . . . regarding the course of [Kevin Ryan's] medical treatment, [and] health history," doc. 47-1 at 3, are the very core of non-retained treating physician testimony. The "confidentiality of [Kevin Ryan's] healthcare information in the absence of an authorization permitting disclosure," is less clear. The Court cannot determine to what extent the "confidentiality" testimony arose in the context of Ryan's treatment and to what extent it arises from the disclosed witnesses' general knowledge, as physicians, about their obligations to maintain patient confidentiality. The former might be proper non-retained treating physician testimony, the latter would not. Finally, "general[ ]" testimony concerning "appropriate procedures and considerations" involved in patient discharge is, by its very generality, obviously beyond the scope the proffered witnesses' treatment of Kevin Ryan.

In the first place, the defendants' disclosures clearly indicate their intent to call Kevin Ryan's treating physicians to testify concerning the "course" of that treatment. The Court also acknowledges defendants'

argument that treating-physician opinions can "include expected prognosis and opinions regarding the stability of Kevin Ryan for discharge from Red River Hospital and the appropriateness of his discharge." Doc. 50 at 5. However, in the absence of a more detailed description of the testimony the treating physicians intend to offer, the Court is not in a position to establish clear boundaries. Given that some of proffered the testimony is clearly proper treating-physician testimony, Plaintiff's request that "the Court preclude the treating physicians, [and] healthcare professionals . . . from offering opinion testimony," entirely, is **DENIED, in part**. Doc. 47.

The Court is, nevertheless, skeptical that the full range of testimony suggested in the defendants' disclosure *could* be offered by non-retained treating physicians. Moreover, "as the parties seeking to avoid producing full written expert reports, [defendants] bear the burden of demonstrating that Rule 26(a)(2)(B) reports are not required." *In re Denture Cream Prods. Liab. Litig.*, 2012 WL 5199597, at * 4 (S.D. Fla. Oct. 22, 2012), *on reconsideration in part*, 2012 WL 13008163, at * 1 (S.D. Fla. Nov. 14, 2012); *cf. Nosewicz v. Janosko*, 2019 WL 4248895, at * 8 (D. Colo. Aug 19, 2019) (describing a "burden-shifting procedure for determining whether a

designated expert witness is 'retained or specifically employed' . . .").
Defendants have not borne that burden with respect to either (1)
testimony concerning generally-applicable confidentiality obligations, or
(2) general "procedures and considerations" involved in patient discharge
decisions.  Since testimony concerning such "general principles" is beyond
the scope of the witnesses' treatment of Kevin Ryan, and defendant failed
to disclose those witnesses as experts "specifically retained" to offer such
testimony before the Scheduling Order's deadline, they may not offer it.
To the extent that plaintiff's motion, implicitly, seeks to preclude the
treating physicians' testimony on those matters, it is **GRANTED, in
part**.[2]  Doc. 47.  Any narrower question concerning particular testimony's
inclusion in the excluded categories can only be answered in the context
of a more detailed motion *in limine* or objection at trial.

---

[2] The Court notes that defendants argue that any defect in the disclosures is harmless.
*See* doc. 50 at 6-7.  However, the objection to the scope of the treating physicians'
testimony is not that they are non-retained experts who provided an insufficient
disclosure, but that they are, in at least some respects, retained experts for whom
defendants wholly failed to provide the necessary reports.  The absolute failure to
comply with the report requirement, to the extent that the witnesses were "retained
or specially employed," cannot be harmless.  Such a defect *might* be curable, pursuant
to Rule 26(e) but, as discussed above, defendants' disclosure on the last day provided
under the Scheduling Order precludes any such cure.  *See Romero*, 552 F.3d at 1324
(providing expert disclosures on the scheduling order's deadline "meant that there
might be no opportunity to supplement the disclosures.").

### B. Law Enforcement Witness

The parties' "arguments" concerning the sufficiency of defendants' disclosure of Sgt. Whaley as an expert witness are entirely perfunctory. After arguing about the proper scope of treating physician testimony, and quoting the disclosure discussed above, plaintiff concludes "[c]learly, this is the type of 'disclosure' that Judge Baker warned litigants would be inappropriate in the absence of a report." Doc. 47 at 8. As discussed above concerning the treating physicians, that assessment has some merit. However, the only objection plaintiffs offer to the disclosure of Sgt. Whaley is that "[t]he same is true" of it. *Id.* The Court is at pains to determine how the standards for disclosing treating physician testimony could possibly be "[t]he same" when applied to a law enforcement witness. Lest defendants feel some pleasure in that criticism of plaintiff's brief, their own *omits substantive discussion of Sgt. Whaley's testimony entirely. See generally* doc. 50. To be sure, defendants brief refers to "law enforcement" testimony, but never provides any indication of how such witnesses might qualify as unretained experts, analogous to treating physicians. The parties' presentation, therefore, is wholly inadequate.

While a brief review of the defendants' disclosure of Sgt. Whaley's proposed testimony establishes that it is less than clear, plaintiff has simply not shown a valid basis for striking the disclosure. *See In re Denture Cream Prods. Liab. Litig.*, 2012 WL 13008163 at \*1. Treating physicians are obviously more ambiguously situated under the alternative treatment of retained and non-retained experts. As discussed above, such witnesses clearly possess information, based on their treatment, which arose outside the context of litigation. That information is properly treated differently, under Rule 26(a)(2)(C), from information specifically solicited and produced in the context of litigation, under Rule 26(a)(2)(B). It is simply not clear how a law enforcement witness could have analogous information. In the absence of some articulated argument about how the rules for treating physicians might or might not apply to a law enforcement witness, the Court will not concoct one for these ably represented parties.

Accordingly, to the extent that plaintiff seeks to preclude Sgt. Whaley from offering opinion testimony, her motion is **DENIED, in part**. Doc. 47.

## III. Conclusion

In summary, plaintiff's motion to exclude expert testimony is **GRANTED, in part**, and **DENIED, in part**. Doc. 47. Specifically, plaintiff's (perhaps unopposed) request to exclude the testimony of Dr. Ticknor, who was disclosed as a retained expert but provided no report, is **GRANTED**. Her request to exclude testimony from treating physicians and medical personnel is **GRANTED, in part**, and **DENIED, in part**. Finally, her request to exclude the testimony of Sgt. Whaley is **DENIED**.

**SO ORDERED,** this <u>10th</u> day of February, 2021.

Christopher L. Ray
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA